### PEOPLE ex rel. STREUBEL v. YORK et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. CERTIORARI—RETURN—AFFIDAVITS.

Code Civ. Proc. §§ 2138, 2139, provide that certiorari shall be heard on the writ, return, and papers on which the writ was granted, except that where an officer or other person whose duty it is to make a return becomes incompetent or inaccessible before making a return or after making an insufficient return, and there is no other person from whom a sufficient return can be procured, the court may permit the filing of affidavits or other proofs, and hear the cause thereon. *Held*, that where,

on certiorari to review relator's dismissal from office, the officer making the dismissal and his successor made return to the writ, affidavits of third parties could not be considered.

**2. SAME—ADMISSIONS.**

Where, on certiorari to review proceedings dismissing relator from office, he charged that the dismissal was based on unsworn testimony, and the return of the respondent and the officer who dismissed plaintiff denied knowledge of such fact, but admitted that it was not customary to take oath in such proceedings, such returns amounted to an admission that the witnesses were not sworn.

**3. SAME—MUNICIPAL CORPORATIONS—POLICEMAN—REMOVAL.**

Where, in proceedings before police commissioners to dismiss a policeman, the principal witness against him was allowed to testify without being sworn, and his testimony was contradictory to and weakened the policeman's statements, and it could not be said that the officer would have been dismissed but for such testimony, his dismissal will be annulled.

Certiorari by the people, on the relation of William E. Streubel, against Bernard J. York and others, police commissioners of the city of New York, to review their order dismissing relator from the police force. Dismissal annulled.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Louis J. Grant, for relator.

Terence Farley, for respondents.

BARRETT, J. The relator seeks reinstatement upon the authority of People v. Board of Police Com'rs, 155 N. Y. 40, 49 N. E. 257. He states in his petition that the witnesses who testified against him were not sworn. Upon this, the writ specifically required the respondents to return "whether the testimony given" at the relator's trial "was or was not given under oath." The respondents were not in office when the relator was removed. They could not, therefore, make the return thus required, upon their own knowledge. The return they did make reads as follows: "Sixth. That an examination of the stenographic minutes of the trial of the relator, which took place before Hon. Andrew D. Parker, on the 15th day of April, 1897, before your respondents were appointed to office, does not disclose the fact whether or not the witnesses were sworn." This, of course, is not a denial of the fact on that head stated in the petition. The rule is that, under the provisions of section 2138 of the Code of Civil Procedure, the court is not at liberty to look beyond the return and consider the facts stated in the petition, unless the return is an admission of those facts or the equivalent of an admission. People v. Wurster, 149 N. Y. 549, 44 N. E. 298. It was doubtless because the respondents believed that this return—which was the only one they could make, under the circumstances—might be deemed the equivalent of an admission of the fact asserted in the petition that Mr. Parker, one of their predecessors,—in office at the time of the relator's trial,—was brought in as a party to the proceedings. He was doubtless brought in under the authority of section 2136 of the Code of Civil Procedure. At all events, his return is in the record, following that of the respondents, and reciting the order under which it was made. The appeal has been heard without ques-

61 N.Y.S.—26

tioning this return, and it cannot be ignored. It only serves to strengthen the position of the relator. Mr. Parker says that it was not his custom, in taking the testimony upon these trials, to administer an oath to the witnesses, for the reason that he did not consider such a course necessary. He adds that he has no personal recollection of the trial under review, and annexes to his return affidavits of persons who were present and have better memories. These affidavits cannot be considered. Proofs are admissible in these proceedings only in the cases specified in section 2139 of the Code. Considering the matter, then, solely upon the writ and returns, and the papers upon which the writ was granted, we certainly find what is equivalent to an admission that the witnesses were not sworn.

The trial was brief, and the relator was confronted with but a single witness. His own testimony was in the nature of an answer to the charge, as read to him. If that answer were equivalent to an admission of the offense charged, we could save the judgment, notwithstanding the failure to swear the witness. We cannot say, however, that the board could or would have decided as it did without the testimony of the confronting accuser. The charge was that the relator did not properly patrol his post, and could not be found thereon from 25 minutes to 7 until 7 p. m., and when found was lying in a watchman's shanty on a coil of rope, with his hat and coat off. The defendant answered this by saying: "I had cramps in my stomach. I asked the watchman to cover the post. I went to the toilet. I asked the watchman if I could sit down. The rounds-man came in, and told me to get up. I was in pain. Could not get up." Immediately following this answer, we find a statement of the accuser (Roundsman Anderson) to the effect that, when he found the relator, the latter said he went into this shanty upon a call of nature. Mr. Parker then asked the relator why he did not tell Anderson that he went in there because he was sick. The relator answered that he did tell Anderson so. The commissioner then expressed disbelief of the latter statement, and Anderson at once declared emphatically that the relator said nothing about being sick, but confined his excuse to that above mentioned. It is plain that the commissioner believed Anderson, and that the board acted upon the conclusion that the illness asserted by the relator at the trial was a pretext. It is impossible to say, therefore, that he was not prejudiced by Anderson's unsworn statement. That statement, if credited, weakened the excuse made in the answer for not properly patrolling the post, and doubtless caused the conviction and removal.

We are accordingly constrained, upon the authority of the Kasschau Case, to annul the determination of the board, with $50 costs and disbursements. All concur.