PEOPLE ex rel. GROGAN v. YORK et al., Commissioners.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

CERTIORARI—RETURN—AMENDMENT—POLICEMAN—REMOVAL.
   On certiorari to compel the reinstatement of a police officer dismissed after trial on charges before the police commissioners, for invalidity of the proceedings, defendants were entitled to amend their return by alleging that relator was absent from the force without leave for five days before the trial, which absence would suspend him by operation of law, since it would be idle to review the proceedings for dismissal, if relator was no longer a member of the force.

Appeal from special term, New York county.

Certiorari by the people, on relation of Thomas R. Grogan, against Bernard J. York and others, police commissioners of the city of New York, to review relator's discharge from the police force. From an order authorizing an amendment to defendants' return to the writ, relator appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Louis J. Grant, for appellant.
Terence Farley, for respondents.

HATCH, J. The appeal in this case is from an order allowing an amendment to the return to a writ of certiorari by setting up the fact, if such be the fact, that the relator absented himself from the force, without leave, for a period of five days. No question is raised but that the court is possessed of the power to allow the amendment. Its exercise is sanctioned by authority. People v. Board of Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769; People v. Cook, 62 Hun, 303, 17 N. Y. Supp. 546. It appears from the moving papers that the relator has been tried upon charges, and, after such trial, was dismissed from the force. It also appears that upon such trial the witnesses were not sworn, in consequence of which the determination based thereon is invalid. People v. York, 45 App. Div. 503, 61 N. Y. Supp. 400. A proceeding having been instituted to review such trial, it is evident that the failure to swear the witnesses is fatal to the conclusion reached by the commissioners. This result is sought to be pre-

vented by the amendment that has been allowed. It is clear that, if the relator had been absent from the force for five days prior to his trial, he ceased to be a member of such force by operation of law. People v. York (Sup.) 63 N. Y. Supp. 36. A trial upon charges for the purpose of determining whether or not the relator ought to be permitted to remain upon the force when in fact he was not then a member of it would be an idle ceremony, and therefore absurd. If error was committed upon the trial, and the proceeding should, for that reason, be annulled, it would not operate to restore him to the force, if, in fact, by reason of absence, he was already removed from the force by the self-enforcing provisions of the statute. It is said, however, that the affidavit of the defendant shows that the five days had not elapsed, on the day when the trial was had, and that it needed that day to complete it. If it be the fact that five days had not elapsed when the trial was had, and it needed that day to complete it, then it would appear that the five statutory days had not run, and the relator would not be removed by operation of law, as the day of trial is not deemed to form part of such time, within the contemplation of the statute. People v. Board of Police Com'rs, 114 N. Y. 245, 21 N. E. 421. The affidavits submitted, upon which the order was obtained, do not clearly disclose the exact facts in this respect. But this condition does not affect the validity or the propriety of the order. The leave granted is to amend the return by setting up the facts as they exist. If five full days, excluding the day of the trial, have not elapsed, then the relator cannot be injured or prejudiced by any return in this respect which may be made. If the five days have elapsed, then the defendants have the clear right, and it is their duty to make it appear. The relator cannot be prejudiced by this fact; for, if it appears, any error which occurred upon the trial would become immaterial, and he would not be prejudiced in any right possessed by him at the time of the trial. It follows that the order should be affirmed, with $10 costs and disbursements. All concur.