(73 App. Div. 445.)

PEOPLE ex rel. HART v. YORK et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department. June 13, 1902.)

1. CITIES—POLICE—ABSENCE WITHOUT LEAVE—RESIGNATION—CERTIORARI.
   Under Laws 1897, c. 378, § 303, providing that absence without leave of any member of police force for five consecutive days shall be deemed a resignation, and such member shall at the expiration of such period be dismissed therefrom without notice, where the return of the police commissioners of New York to a writ of certiorari to review their action in dismissing a police officer avers that he was absent without leave for more than five consecutive days, and that such absence was held a resignation, and he was dismissed from the force, such return is conclusive of his rights in the premises.

2. SAME—CONSENT ORDER—REFUSAL TO ACCEPT—DETERMINATION ON MERITS.
   Where, on certiorari to review the action of the police commissioners of New York in dismissing a police officer, by consent of the corporation counsel the action was reversed on the ground that the witnesses were not sworn, and relator ordered reinstated on condition that he should not demand arrears of pay intervening his ceasing to be an officer and the date of his reinstatement, and he refused to accept such condition, and insisted on his legal rights, such action by the court does not interfere

with a determination thereafter that he had ceased to be an officer by absence without leave for more than five consecutive days.

Certiorari, on relation of William A. Hart, to Bernard J. York and others, police commissioners of the city of New York, to review their action in dismissing the relator from the police force. Writ dismissed.

Argued before HATCH, McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Louis J. Grant, for relator.
Terence Farley, for respondents.

HATCH, J. This is a proceeding by certiorari to review the determination of the board of police commissioners in dismissing the relator from the police force of the city of New York. It is claimed by the relator that the determination of the commissioners of police is void, for the reason that the witnesses who gave testimony tending to support the charges which were preferred against the relator were not sworn, and consequently the whole proceeding was erroneous, and the determination based thereon must fail. If this were the only question presented by this record, the relator would be clearly right, and the determination would necessarily be reversed. People v. Board of Police Com'rs, 155 N. Y. 40, 49 N. E. 257. Such question, however, becomes entirely immaterial in the consideration of this record. By the consolidated act (Laws 1882, c. 410, § 273, as amended by Laws 1884, c. 180, § 8) it was provided:

."Absence, without leave, of any member of the police force, for five consecutive days, shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period, cease to be a member of the police force, and be dismissed therefrom without notice."

This provision of the statute was carried into the provisions of section 303 of the Greater New York charter (Laws 1897, c. 378), and furnishes the law as it stands at this time. In People v. York, 51 App. Div. 502, 64 N. Y. Supp. 736, this court, upon application to amend the return to a writ of certiorari in order that absence without leave for a longer period than five days might be set up therein, held that the amendment should be granted, even though it appeared from the original return that the witnesses to prove the charges preferred against the relator therein had not been sworn, and this for the reason that if such fact existed the relator ceased to be a member of the force by operation of law, and was therefore not entitled to a trial, but might be dismissed without notice.

The return in the present case avers, in terms, that the relator herein was absent, without leave, for more than five successive days, to wit, from December 6, 1897, until after December 11, 1897, and that said absence was deemed and held to be a resignation, and at the expiration of said period the relator ceased to be a member of the force and was dismissed therefrom. This court held, under a precisely similar return, speaking through Mr. Justice Rumsey, that such return was conclusive of such facts, and was to be taken as true; that absence without leave for five consecutive days was deemed to be a resignation, and at the expiration of such period he ceased to be

a member of the police force, and might be dismissed therefrom without notice or trial. People v. York, 49 App. Div. 173, 63 N. Y. Supp. 36, affirmed on opinion below 163 N. Y. 551, 57 N. E. 1121. This is conclusive in determination of the relator's rights in the premises, and, however erroneous his trial may have been, in other respects he can make no complaint, as he has ceased to be a member of the force, and therefore was not entitled either to a trial or notice of the dismissal. This result is not changed by the former action of this court. The corporation counsel therein consented to a reversal of the determination upon the ground that the witnesses were not sworn. This court assented to the reversal, but upon condition that the relator should not demand or receive his arrears of pay intervening his ceasing to be a member of the force and the date of his reinstatement. The relator refused to avail himself of the conditional order, and stood upon his claimed legal right that he was not only entitled to reinstatement, but was also entitled to his arrears of pay. Having asserted this claim, and insisting upon what he conceived to be his legal rights, he cannot be heard to complain that his case is disposed of strictly upon the law applicable thereto.

It follows that the writ should be dismissed, and the proceedings affirmed, with costs. All concur.