WILLIAM JAY SCHIEFFELIN, Respondent, *v.* RICHARD E. ENRIGHT, Individually and as Police Commissioner of the City of New York, Appellant.

First Department, March 3, 1922.

Municipal corporations — city of New York — police pension — police commissioner not member of police force — Greater New York charter, §§ 355-a and 357 construed — police commissioner as such not entitled to pension — defendant, lieutenant of police, vacated office of policeman when he accepted office of commissioner — mayor had no power to grant defendant indefinite leave of absence as lieutenant — defendant ceased to be member of force after five days' absence under said leave — Greater New York charter, § 303, construed — defendant restrained from continuing his name on present roll of police pension fund — judgment reversed in part as to question not before court.

A police commissioner of the city of New York is not a member of the police force.

Section 355-a of the Greater New York charter, added by chapter 651 of the Laws of 1918, does not provide that a police commissioner shall be a member of the police force, but merely that, for pension purposes, service as police commissioner " shall be deemed the performance of duty on such force."

Said section 355-a did not repeal section 357 of the Greater New York charter, which prohibits a police commissioner from receiving a pension, nor is it inconsistent therewith. Reading the said sections together and taking into consideration the fact that the police commissioner has practically complete control of the pension fund, it is clear that the legislative intent as expressed in those sections was that a police commissioner, as such, was not entitled to any pension.

The defendant was a member of the police force of New York city from November 2, 1896, to January 23 or 24, 1918. On January 22, 1918, while holding the rank of lieutenant, he was granted an indefinite leave of absence by the mayor and immediately thereafter appointed a police commissioner. On December 22, 1920, the mayor issued an order retiring the defendant as a lieutenant and granting him a pension pursuant to said section 355-a of the Greater New York charter.

*Held,* that the defendant, by accepting the position of police commissioner, immediately vacated his office as police lieutenant and as a member of the police force.

Moreover, the mayor had no power to grant a leave of absence, and, even if he had such power, the leave granted, which was for an indefinite time, was invalid under section 303 of the Greater New York charter which prohibits a leave of absence for more than twenty days in any one year. Accordingly the defendant, after he gave up his duties as lieutenant, was absent without leave, and, by

virtue of section 303 of the Greater New York charter, which provides that any member of the police force absent without leave for five consecutive days shall cease to be a member thereof, he was not a member of the police force when the retirement order of December 22, 1920, was issued, a condition prerequisite to retirement and the granting of a pension.

Therefore, the plaintiff was entitled *to injunctive* relief in a taxpayer's action restraining the defendant, individually and as police commissioner, from continuing his name on the present roll of the police pension fund and from receiving or collecting any pension from the said police pension fund.

But so much of the judgment as adjudges " that chapter 651 of the Laws of 1918 is not applicable to defendant, Richard E. Enright, and does not authorize the award of a pension to him in the sum of $3,750 per annum " should be reversed, for that question was not before the court.

APPEAL by the defendant, Richard E. Enright, from a judgment of the Supreme Court in favor of plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1921, upon an order made at the New York Special Term granting plaintiff's motion for judgment on the pleadings, declaring chapter 651 of the Laws of 1918, adding section 355-a to the Greater New York charter (Laws of 1901, chap. 466), inapplicable *to* defendant as police commissioner and enjoining him from being carried on the police pension roll of the city as entitled *to* a pension of $3,750 per annum and restraining him from paying or receiving such pension.

The action was brought by plaintiff as a taxpayer, who duly filed the bond required by section 51 of the General Municipal Law.

*John P. O'Brien, Corporation Counsel [Francis M. Scott* of counsel; *John F. O'Brien* and *Arthur Sweeny* with him on the brief], for the appellant.

*Leonard M. Wallstein* of counsel [*Ralph M. Frink* with him on the brief], for the respondent.

GREENBAUM, J.:

The undisputed facts are: From November 2, 1896, to January 23 or 24, 1918, defendant was a member of the police force of the city of New York and on the last-mentioned date he held the rank of lieutenant. On January 22, 1918, the mayor of the city of New York purported to grant the defendant, as such lieutenant, a leave of absence. On January 23, 1918, the mayor appointed him acting police commissioner and on January 24, 1918, duly appointed him police commissioner of the city of New York, an office which he has since continuously held.

On or about November 12, 1920, defendant made application to the mayor for retirement on a pension pursuant to the provisions of chapter 651 of the Laws of 1918. On or about December 22, 1920, the mayor issued an order retiring defendant as lieutenant from the police force and granting him the pension of a chief

inspector. Thereupon the defendant as police commissioner caused said order of the mayor to be published under special order No. 292 of the police department, which reads *inter alia* as follows: " The following members of the force are relieved and dismissed from the police force and placed on the roll of the Police Pension Fund and are awarded the following pension * * *: To take effect, December 22, 1920. Lieutenant Richard E. Enright, 102d Precinct, at $3,750 per annum, in accordance with Chapter 651, Laws of 1918. Appointed Nov. 2d, 1896."

The question before us is whether the appellant's attempted retirement from the police force on pension of a chief inspector was authorized by chapter 651 of the Laws of 1918, which was incorporated as a new section in the Greater New York charter known as section 355-a, and which reads as follows: " Pension of member of force after service as police commissioner or deputy commissioner. § 355-a. Service as police commissioner or deputy police commissioner by a member of the police force shall be deemed the performance of duty on such force. Any member of the police force who shall have performed duty on such force for a period of twenty years, and for at least six months as police commissioner or deputy police commissioner, may be retired by the mayor and placed upon the pension roll of the police department and granted the pension allowed to a chief inspector in such department."

Involved in the interpretation of section 355-a just quoted is the determination of the issues whether a police commissioner, as such, is a member of the police force and whether on December 22, 1920, when the mayor issued an order dismissing and relieving the defendant, as lieutenant, from the police force and granting him a pension, he was in fact a member of that force. Retirement from office is a prerequisite to the granting of a pension. If, as police commissioner, defendant retained his membership on the police force as he contends, then assuredly as long as he continues in that office he cannot be entitled to a pension. If on the other hand, it be assumed that defendant as police commissioner is not a member of the police force, but that service as such police commissioner for a period of at least six months shall be deemed the performance of duty on such force for the purpose of entitling him to retire as a member of the police force and to receive a pension, then the question arises was defendant, as lieutenant on leave of absence, a member of the police force until December 22, 1920, when the mayor ordered his retirement from the force.

Section 357 of the Greater New York charter (Laws of 1901, chap. 466) provides *inter alia:* " Neither the police commissioner nor either deputy police commissioner shall be members of the

police force within the meaning of the provisions of this act relating to pensions, nor be entitled to any pension, nor share in the relief pension fund of the police department."

Section 357 was not repealed by section 355-a. Nor is there any inconsistency between the two sections.

Section 1618 of the Greater New York charter provides: " This act or any section or provision thereof shall not be deemed to be repealed or amended by any act of the Legislature, unless it be so expressly stated, or the legislative intention to that effect is unmistakable."

Section 355-a does not state that the police commissioner is a member of the police force. It merely states that for pension purposes service as a police commissioner " shall be deemed the performance of duty on such force."

Reading sections 355-a and 357 together, it is clear that the legislative intent, as expressed in those sections, was that a police commissioner was not entitled to any pension. A reference to the sections of the charter relating to police pensions indicates the wisdom of excluding the police commissioner from deriving any personal benefit of the police pension fund.

Under section 351 of the charter (as amd. by Laws of 1904, chap. 626) the police commissioner is made the trustee and treasurer of the police pension fund. Under section 354 (as amd. by Laws of 1907, chap. 445, and Laws of 1916, chap. 208), power is conferred upon him in his discretion to retire and dismiss from the police force members thereof who shall become disabled and thereupon to grant them pensions.

Section 355 of the charter prescribes when members of the police force are entitled to pension and it confers upon the police commissioner the power to relieve and dismiss from the force those who apply for and are entitled to a pension and to place them upon the roll of the police pension fund. (See, also, Greater New York Charter, § 355, as amd. by Laws of 1919, chap. 518, and Laws of 1920, chap. 508; since amd. by Laws of 1921, chap. 685.) The police commissioner has practically complete control of the administration of the police pension fund.

The municipal authorities have in effect interpreted the statute as meaning that defendant was not entitled to a pension, from the fact, admitted in the pleadings before us, that since the defendant's appointment as commissioner no deduction has been made from his pay as a contribution to the police pension fund and that, in fact, he has not contributed to said fund.

Section 353, subdivision 9, of the charter (as amd. by Laws of 1904, chap. 626) provides that the police pension fund in part shall

be made up of " A sum of money equal to but not greater than two per centum of the monthly pay, salary or compensation of each member of the police force, which sum shall be deducted monthly by the comptroller from the pay, salary or compensation of each and every member of the police force and the said comptroller is hereby authorized, empowered and directed to deduct the said sum of money as aforesaid and forthwith to pay the same to the treasurer and trustee of the police pension fund."

If we adopt the reasoning of appellant, we must hold that the defendant at the same time was a police commissioner and a member of the police force as lieutenant on leave of absence. Such a situation is unthinkable for various reasons.

Section 291 of the Greater New York charter provides: " Any police commissioner, or any member of the police force, who shall, after qualifying in office, accept any additional place of public trust, or civil emolument, * * * shall be in either case deemed thereby to have resigned his commission and to have vacated his office."

It would seem to follow from this that when the defendant accepted the position of police commissioner his office as lieutenant on the police force was made vacant and that thereafter he no longer continued to hold that position. The same conclusion is reached by a reading of section 1549 of the Greater New York charter which is as follows: " Any person holding office, whether by election or appointment, who shall * * * accept any other office connected with the government of The City of New York, * * * shall be deemed thereby to have vacated any office held by him under the city government." Besides, it has consistently been held at common law that one person may not at the same time hold two offices which are incompatible. It has already been shown that the police commissioner is not only the trustee and treasurer of the police pension fund, but he is invested with the broad powers of determining who shall become entitled to pensions. He has practical control of the disposition of pension moneys. He is also the chief executive of the police department possessing the power of removal of members of the police force. (See Greater New York Charter, §§ 270, 302, as amd. by Laws of 1915, chaps. 164, 310; Id. § 292, as amd. by Laws of 1917, chap. 257; Id. § 300.)

In Dillon's Municipal Corporations (5th ed. § 417) it is stated: " An office may be impliedly resigned or vacated by the incumbent being elected to and accepting an incompatible office. The rule, says PARKS, J., in a leading English case on this subject,* that where

---

* See *Rex* v. *Patteson* (4 Barn. & Adol. 9).— [REP.

two offices are incompatible they cannot be held together is founded on the plainest principles of public policy and has obtained from very early times. * * * The rule has been generally stated in broad and unqualified terms that the acceptance of the incompatible office, by whomsoever the appointment or election might be made, absolutely determines the original office, leaving no shadow of title in the possessor, whose successor may at once be elected or appointed, neither *quo warranto* nor a motion being necessary."

Moreover we are of opinion that when the mayor undertook on January 22, 1918, to grant the defendant as lieutenant a leave of absence, he had no power to do so. Section 292 of the Greater New York charter (as amd. by Laws of 1917, chap. 257) provides that the " police commissioner may grant leaves of absence to members of the force." And even if the mayor had such power it seems to us that such action was ineffective in view of the provisions of section 303 of the Greater New York charter which provides: " Absence, without leave, of any member of the police force for, five consecutive days shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period cease to be a member of the police force and be dismissed, therefrom without notice. No leave of absence exceeding twenty days in any one year shall hereafter be granted or allowed to any member of the police force, except upon the condition that such member shall waive and release not less than one-half of all salary, pay or compensation and claim thereto during such absence." On January 22, 1918, when leave of absence was granted to defendant, the charter provided not exceeding *twenty* days' leave of absence upon the condition set forth. Chapter 824 of the Laws of 1920, on May 18, 1920, changed this limit to *thirty* days', by amending section 303 of the charter.

The provisions of section 303 have been passed upon by this court in *People ex rel. Fahy* v. *York* (49 App. Div. 173; affd., on opinion below, 163 N. Y. 551); *People ex rel. Grogan* v. *York* (51 App. Div. 502); *People ex rel. Hart* v. *York* (73 id. 445; affd., 173 N. Y. 610). These cases hold that an officer absent without leave from the force for five days ceases to be a member of the police force by operation of law. In the case before us it does not appear what leave of absence the mayor granted, but the inference is that it was for an indefinite period. If the mayor had no power to grant any leave of absence then the defendant ceased to be a member of the police force after the expiration of five days, and if the mayor had such power, then the defendant's leave being indefinite, and the provisions of section 303 forbidding any leave of absence to exceed twenty (now thirty) days in any one year except upon the

condition therein stated, it would seem to follow that such a leave of absence would be nugatory.

It is conceded by both counsel that section 355-a, enacted by the Laws of 1918, chapter 651, relates solely to pensions and is prospective. There was no attempt to retire the commissioner from his duty, but merely to retire him him as a lieutenant, when, as we have already shown, he was no longer a lieutenant.

It only remains to consider the point urged in behalf of the appellant, that in any event the judgment appealed from should be modified by reversing so much thereof as decrees as follows: " Ordered and adjudged as follows: 1. That Chapter 651 of the Laws of 1918 is not applicable to defendant, Richard E. Enright, and does not authorize the award of a pension to him in the sum of $3,750 per annum."

We find no reason for the retention in the judgment of the portion thereof just quoted. Upon the facts before us, the court was only required to determine whether the plaintiff was entitled to injunctive relief restraining the defendant individually and as police commissioner from continuing his name on the present roll of the police pension fund and from receiving or collecting any pension from the said police pension fund. We are not called upon to prejudge what defendant's rights to participation in the benefits of the police pension fund may be under a different state of facts or circumstances from those here appearing.

The judgment appealed from will be modified by the elimination of that portion thereof just discussed, and as modified affirmed, without costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concur.

Judgment modified as directed in opinion, and as modified affirmed, without costs. Settle order on notice.