WILLIAM JAY SCHIEFFELIN, Plaintiff, *v.* WILLIAM J. LAHEY, CHARLES L. CRAIG, as Comptroller of the City of New York, RICHARD E. ENRIGHT, as Police Commissioner of the City of New York, and ABRAHAM KAPLAN, FERDINAND Q. MORTON and WILLIAM DRENNAN, as Members of and Constituting the Municipal Civil Service Commission of the City of New York, Defendants.

Supreme Court, New York Special Term, January, 1924.

Municipal corporations — city of New York — taxpayer's action to enjoin defendant member of police force from receiving compensation as police captain — defendant officer, granted leaves of absence to act as deputy commissioner of police, restored to post of police captain and detailed as chief inspector of police — rules of local civil service commission restoring officer to captaincy contrary to Greater New York Charter, §§ 291 and 1549 — when defendant officer deemed to have resigned post of police captain — defense that Civil Service Law, § 28, is unconstitutional untenable — when provisions of Greater New York Charter, § 1543, have no application — plaintiff's motion for judgment on pleadings granted.

In a taxpayer's action to enjoin the defendants other than L. from certifying and paying and him from receiving compensation as a police captain detailed as chief inspector of police, it was undisputed that on February 8, 1888, he was

appointed a member of the police force of the city of New York and continued as such until January 24, 1918, on which date, being then a captain of police, he was granted a six months leave of absence and designated by the police commissioner to act as his second deputy. He acted as such with successive leaves of absence until September 4, 1920, when his leave of absence was revoked and upon being restored to duty as police captain he was assigned and detailed as chief inspector of police and has since acted and received salary as such. *Held*, that the rules of the local civil service commission pursuant to which it was attempted to restore L. to the office of captain of police are contrary to and inconsistent with the provisions of sections 291 and 1549 of the city charter.

The defendant L. by accepting the position of deputy commissioner must be deemed to have resigned as police captain, and his present tenure of office is, therefore, illegal, and there being no trial of the title to public office involved in the action, plaintiff's motion for judgment on the pleadings will be granted.

The defense that the statute under which the action was brought (Civil Service Law, § 28) is unconstitutional, cannot be sustained.

The provisions of section 1543 of the city charter relating to reinstatement after resignation have no application to the facts here.

MOTION for judgment on pleadings in taxpayer's action.

*Leonard M. Wallstein*, for plaintiff.

*George P. Nicholson*, corporation counsel (*Edmund L. Mooney*, special counsel), for defendant.

WASSERVOGEL, J. Plaintiff moves for judgment on the pleadings. The action is brought by a taxpayer to enjoin defendants other than defendant Lahey from certifying and paying, and defendant Lahey from receiving, compensation as a police captain detailed as chief inspector of police, it being claimed that his tenure of office as such is illegal. The undisputed facts are that the defendant Lahey was appointed to the police force on February 8, 1888, and continued as member of such force until January 24, 1918. He was then a captain of police. On January 24, 1918, Lahey was granted a leave of absence as police captain for six months, and was designated by the police commissioner to act as second deputy police commissioner. He acted as such until September 4, 1920. Successive leaves of absence were granted to Lahey up to the day last named, when such leave of absence was revoked. On this day Lahey was restored to duty as police captain and thereafter assigned and detailed as chief inspector of police. Since then he has acted as chief inspector and received and accepted salary as such.

Section 291 of the Greater New York charter provides: " Any police commissioner or any member of the police force who shall after qualifying in office accept any additional place of public trust or civil emolument shall be in either case deemed thereby

to have vacated his office." This section was construed by the Appellate Division in the case of *Schieffelin* v. *Enright,* 200 App. Div. 312. Enright while holding the office of lieutenant of police was granted a leave of absence by the mayor and appointed acting police commissioner and then police commissioner of the city of New York. Thereafter on application of Enright, the mayor issued an order retiring him as police lieutenant and granting him the pension of a chief inspector. Mr. Justice Greenbaum, writing for the Appellate Division, said (p. 316): " It would seem to follow from this that when the defendant accepted the position of police commissioner his office as lieutenant on the police force was made vacant, and that thereafter he no longer continued to hold that position. The same conclusion is reached by a reading of section 1549 of the Greater New York charter which is as follows: ' Any person holding office, whether by election or appointment, who shall * * * accept any other office connected with the government of The City of New York, * * * shall be deemed thereby to have vacated any office held by him under the city government.' "

I am constrained to follow the decision in the *Enright* case and hold that upon the acceptance by defendant Lahey of the office of deputy police commissioner of the city of New York he vacated, abandoned and relinquished his office of captain of police. The rules of the civil service commission pursuant to which it was attempted to restore to him the office of captain of police are contrary to and inconsistent with the provisions of sections 291 and 1549 of the Greater New York charter. By accepting the position of deputy commissioner Lahey must be deemed to have resigned as police captain. Reinstatement after resignation is governed by the provisions of section 1543 of the Greater New York charter, which, however, do not apply to the facts here presented. The defense that the statute (Civ. Serv. Law, § 28) authorizing the commencement of this taxpayer's action is unconstitutional cannot be sustained. Lahey having vacated the office of captain of police, his tenure of office is illegal and there is involved in this action no trial of the title to public office. *Schieffelin* v. *Dolan,* 204 App. Div. 351. Upon the facts presented plaintiff cannot be charged with laches and the defense of laches must fall. Defendant Lahey as a basis for affirmative relief alleges: " That as such captain in the Police Department of the City of New York, he was under the authority and jurisdiction of the police commissioner of said city and subject to his control and orders; that when the police commissioner without any request on his part ordered him to take a leave of absence, without pay, as a captain of police, and designated and assigned him to act as second deputy

police commissioner, this defendant acted under the official compulsion and duress of his superior officer and had no alternative but to obey his commands, and this defendant alleges that if the acceptance of said assignment as second deputy commissioner constituted and may be construed as a waiver or vacation of the position held by him as a captain of police, said order was made by mutual mistake of the parties and was obeyed by this defendant under said mutual mistake." And in his prayer for judgment he asks that the order of the police commissioner designating him as second deputy police commissioner and assigning him to perform the duties of that position be revoked and canceled and discharged of record. Manifestly, such relief cannot be granted in this action. The legislature alone has power to act. Motion granted.

Ordered accordingly.