WILLIAM JAY SCHIEFFELIN, Respondent, v. JOSEPH A. WARREN, as Police Commissioner of the City of New York and as Treasurer of the Police Pension Fund, under Section 351 of the Greater New York Charter,█ and Another, Appellants.

First Department, June 15, 1928.

*Elliot S. Benedict* of counsel [*William E. C. Mayer, Arthur Sweeney* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson, Corporation Counsel*], for the appellant Joseph A. Warren.

*John Lehman* of counsel [*Leon G. Godley* with him on the brief; *Watson, Godley, Sheppard & Willgus*, attorneys], for the appellant Richard E. Enright.

*Leonard M. Wallstein* of counsel [*Ralph M. Frink* with him on the brief], for the respondent.

MARTIN, J. Richard E. Enright was appointed a patrolman in the uniformed police force of the city of New York on November 2, 1896. Thereafter he was made roundsman, sergeant and lieutenant, and served continuously in the various positions mentioned from November 2, 1896, to January 23, 1918. During this period he made full contribution to the police pension fund.

On January 22, 1918, the mayor of the city of New York granted him a leave of absence as lieutenant and on the following day appointed him acting police commissioner and on January 24, 1918, police commissioner of the city of New York. From that date Enright continuously held and occupied the office of police commissioner until January 22, 1923, when he tendered his resignation to take effect at midnight, January 23, 1923. On January 24, 1923, he was appointed to the same office which he held continuously until twelve o'clock midnight, December 30, 1925.

On December 22, 1920, the then mayor of the city of New York issued an order retiring him as lieutenant of the police and granting him a pension as chief inspector of police, but the payment of said pension was enjoined in a taxpayer's action brought by this same plaintiff; and final judgment was entered on or about May 19, 1921. In said judgment it was provided: " 1. That Chapter 651 of the Laws of 1918 is not applicable to defendant, Richard E. Enright, and does not authorize the award of a pension to him in the sum of $3,750 per annum."

That judgment was modified on appeal by striking out said paragraph One and as so modified was affirmed (200 App. Div. 312).

After the enactment of chapter 509 of the Laws of 1924 and prior to December 30, 1925, Enright paid into the police pension fund the full amount of the deductions from his salary as police commissioner from the date of his appointment in 1918 to December 31, 1925, as contribution of the proportionate amount of his salary as police commissioner to the police pension fund together with interest on the several annual installments so paid in.

On December 30, 1925, the mayor of the city of New York, acting upon application of said Enright, issued an order wherein it was stated that in pursuance of law he retired Enright as police commissioner of the city of New York as of midnight, December 30, 1925, and granted him an annual pension fixed at $5,000 per annum.

Prior to this date it had been the established practice not to grant a pension to any member of the police force in excess of one-half of his compensation at retirement. At the time of the retirement of Enright as police commissioner on December 30, 1925, the salary of the chief inspector of the police department was $7,500 a year.

The appellant Warren contends that the judgment should be reversed on the ground that Enright is entitled to a pension as a chief inspector under the provisions of section 355-a of the Greater New York Charter at the rate of $3,750 per annum, which is half of the salary of a chief inspector at the time of his retirement. Enright contends that the order of retirement is valid and that the judgment should be reversed and the complaint dismissed on the merits or that it should be modified so as to restrain the payment of the pension only so far as it exceeds $3,750.

Section 14-b of the General City Law (as added by Laws of 1924, chap. 509) provides as follows:

" Notwithstanding the provisions of any city charter, or of any law general or special, any person, including a police commissioner or a deputy police commissioner, who has performed or who shall

have performed duty in the uniformed police force of any city for a period of twenty years and upwards and who has served as police commissioner or as deputy police commissioner for a period of three years, and who is now serving as such, may, upon payment by him to the police pension fund, if contributions thereto be required by law, of the proper proportionate amount of the salary of police commissioner or deputy police commissioner, as the case may be, from the date of his appointment as such to the day of his retirement, be retired by the mayor or other duly authorized appointing authority of such city, and placed upon the pension roll of the police department and granted an annual pension equal in amount to one-half the salary of police commissioner or deputy police commissioner, as the case may be, at the time of such retirement."

The respondent rightly asserts that this law is local and special in terms and, therefore, void since it relates to the property, affairs or government of cities and was passed without an emergency message from the Governor.

This statute could not very well apply to any but Enright. It was a deliberate attempt to enact special legislation of the kind which has frequently been condemned by the courts.

In *Matter of Mayor, etc., of New York (Elm Street)* (246 N. Y. 72, 77) the court said: " We close our eyes to realities if we do not see in this act the marks of legislation that is special and local in terms and in effect. This group of conditions so unusual and particular is precisely fitted to the claimant's case, and only by a most singular coincidence could be fitted to any other. If we may not say of such a coincidence that it is literally impossible, at least we may say that one would be surprising, and several would be marvelous. An act is not general when the class established by its provisions is at once so narrow and so arbitrary that duplication of its content is to be ranked as an unexpected freak of chance, a turn of the wheel of fortune defying probabilities. Even before the Home Rule Amendment, the framers of a statute did not save it from being local by making it apply to two or three cities instead of one (*People ex rel. Clauson* v. *Newburgh, etc., Plank Rd. Co.,* 86 N. Y. 1, 7)."

It is argued that in any event the appellant Enright should be given a pension equal to one-half that which may be given to the chief inspector. Aside from the fact that this court has already decided that proposition, the fact is that Enright by resigning from the police force while he was still a lieutenant lost all right to any pension. Moreover, he never held a position which entitles him to claim any such pension.

The respondent argues that the defendant Enright is not entitled to receive a pension as a chief inspector under section 355-a of the charter because he had ceased to be a member of the police force before the pension was granted and, therefore, that statute does not apply to him.

Section 355-a of the Greater New York Charter (Laws of 1901, chap. 466, as added by Laws of 1918, chap. 651) provides: "Service as police commissioner or deputy police commissioner by a member of the police force shall be deemed the performance of duty on such force. Any member of the police force who shall have performed duty on such force for a period of twenty years, and for at least six months as police commissioner or deputy police commissioner, may be retired by the mayor and placed upon the pension roll of the police department and granted the pension allowed to a chief inspector in such department."

In *Schieffelin* v. *Enright* (200 App. Div. 312) the court by Mr. Justice GREENBAUM in a very clear and convincing opinion said: "Involved in the interpretation of section 355-a just quoted is the determination of the issues whether a police commissioner, as such, is a member of the police force and whether on December 22, 1920, when the mayor issued an order dismissing and relieving the defendant, as lieutenant, from the police force and granting him a pension, he was in fact a member of that force. Retirement from office is a prerequisite to the granting of a pension. If, as police commissioner, defendant retained his membership on the police force as he contends, then assuredly as long as he continues in that office he cannot be entitled to a pension. If on the other hand, it be assumed that defendant as police commissioner is not a member of the police force, but that service as such police commissioner for a period of at least six months shall be deemed the performance of duty on such force for the purpose of entitling him to retire as a member of the police force and to receive a pension, then the question arises was defendant, as lieutenant on leave of absence, a member of the police force until December 22, 1920, when the mayor ordered his retirement from the force.

"Section 357 of the Greater New York Charter (Laws of 1901, chap. 466) provides *inter alia:* ' Neither the police commissioner nor either deputy police commissioner shall be members of the police force within the meaning of the provisions of this act relating to pensions, nor be entitled to any pension, nor share in the relief pension fund of the police department.' * * *

"Moreover we are of opinion that when the mayor undertook on January 22, 1918, to grant the defendant as lieutenant a leave of absence, he had no power to do so. Section 292 of the Greater

New York Charter (as amd. by Laws of 1917, chap. 257) provides that the ' police commissioner may grant leaves of absence to members of the force.' And even if the mayor had such power it seems to us that such action was ineffective in view of the provisions of section 303 of the Greater New York Charter which provides: ' Absence, without leave, of any member of the police force for five consecutive days shall be deemed and held to be a resignation, and the member so absent shall, at the expiration of said period cease to be a member of the police force and be dismissed therefrom without notice. No leave of absence exceeding twenty days in any one year shall hereafter be granted or allowed to any member of the police force, except upon the condition that such member shall waive and release not less than one-half of all salary, pay or compensation and claim thereto during such absence.' On January 22, 1918, when leave of absence was granted to defendant, the charter provided not exceeding twenty days' leave of absence upon the condition set forth. Chapter 824 of the Laws of 1920, on May 18, 1920, changed this limit ·to 'thirty days', by amending section 303 of the charter.''

We concur fully in that opinion. When Enright accepted the position of commissioner and was retired as a lieutenant, he could no longer claim membership in the police force.

The plight of the appellant is the result of an attempt to juggle the pension law, and he has himself to blame for his present position. There have been too many such attempts in recent years. Even the case of *Schieffelin* v. *Lahey* (243 N. Y. 102), which is referred to as an authority, is not very convincing and may easily be distinguished. The court there divided four to three, and as indicated by the opinion, the special circumstances there presented were given great weight.

This effort to retire from the police force and at the same time retain the benefits flowing from membership therein, should not receive judicial support. Such attempted special legislation does not tend to encourage efficient work on the part of the members of the police department, to say nothing of the bad effect on the pension system, to which the city is compelled to contribute about $3,000,000 a year.

The judgment should, therefore, be affirmed, with costs.

Dowling, P. J., and Merrell, J., concur; McAvoy and O'Malley, JJ., dissent.

McAvoy, J. (dissenting). The judgment rendered at Special Term in this action permanently restrained the defendant police

commissioner from continuing former Police Commissioner Enright, defendant, upon the pension roll of the police department of the city of New York with a pension of $5,000 per annum, or any other sum, and from paying any such pension to defendant Enright, and restraining him from accepting and receiving it.

The defendant Enright claims his pension rights under two statutes of different purport, both of which apparently were intended to give relief to him and others somewhat similarly situated who had formerly been members of the police force in its uniformed branch and had undertaken duties in the administrative department, as in his case, police commissioner, and in the other cases, as deputy police commissioners.

One statute under which he bases his claim is known as section 14-b of General City Law, and the other is an amendment to the Greater New York Charter numbered section 355-a.

At the end of the year 1925 or thereabouts, Commissioner Enright applied to the mayor for retirement as police commissioner of the city of New York and requested that he be placed upon the pension roll of the police department and granted an annual pension out of its funds. The mayor granted the application, reciting the existence of the conditions required by section 14-b of the General City Law, and that Enright has applied for retirement as of December 30, 1925, at midnight. This order of the mayor retired the applicant as of that date and declared the office of police commissioner vacant and granted an annual pension in the sum of $5,000 upon payment by the applicant of any proportionate amount of his former salary as police commissioner required by law.

We think it may be conceded that chapter 509 of the Laws of 1924, which is codified in section 14-b of the General City Law, is so related to a special instance and so manifestly intended to include only a certain individual, that it violates the Home Rule Amendment of 1923 to the State Constitution (Art. 12, § 2) prohibiting the Legislature from passing any law relating to the affairs of cities which shall be special or local in its terms or in its effect; and since it was not passed on a message from the Governor declaring that an emergency exists and upon the concurrent action of two-thirds of the members of the two houses of the Legislature, it cannot be sustained.

It no doubt relates to the property, affairs or government of the city of New York and must be found to be special or local both in terms and in effect, and cannot be construed as a general law which in terms and in effect applies alike to all cities.

We conclude, however, that under a liberal construction of section 355-a of the Greater New York Charter and giving heed

to its manifest intent, the defendant Enright may be granted a pension for as much as is allowed or would be allowed to a chief inspector retiring from such department.

In a former action (*Schieffelin* v. *Enright*, 200 App. Div. 312) it was determined that the acceptance by defendant Enright of the office of police commissioner on January 24, 1918, vacated his office as a member of the police force with the rank of lieutenant theretofore held by him. Originally Enright had been granted a leave of absence as a lieutenant of police and was appointed commissioner under such leave of absence. This was in January, 1918. In May, 1918, by chapter 651 of the Laws of 1918, there was added section 355-a to the Greater New York Charter, which reads as follows: " Service as police commissioner or deputy police commissioner by a member of the police force shall be deemed the performance of duty on such force. Any member of the police force who shall have performed duty on such force for a period of twenty years, and for at least six months as police commissioner or deputy police commissioner, may be retired by the mayor and placed upon the pension roll of the police department and granted the pension allowed to a chief inspector in such department."

Thereafter, on December 22, 1920, the mayor issued an order retiring defendant Enright as lieutenant and granting him a pension as chief inspector in the sum of $3,750 per year in accordance with this section. It was upon this order of the mayor that the plaintiff here as a taxpayer then brought the former action in which the pension payment was enjoined, holding that the police commissioner was not entitled to pay Enright a pension under said order of the mayor. Thereafter Enright continued to hold the office of police commissioner and was reappointed in January, 1923, for a term of five years, and served as such until his retirement on December 30, 1925, under his application for such retirement as police commissioner.

Before the enactment of section 355-a, section 357 of the charter provided that the police commissioner and the deputy police commissioners should not be members of the police force within the meaning of the act relating to pensions, and it further provided that they should not be entitled to any pension or allowed to share in the relief pension fund of the department. Section 355-a is evidently intended to remedy this provision with respect to police commissioners or deputy police commissioners who in the future, with respect to the enactment of the statute, shall retire as such police commissioners or deputy police commissioners from the department after having served as members of the uniformed force for the required time of twenty years, but who have lost

the right of pension retirement in their former capacity in the uniformed department by reason of the acceptance of the office of police commissioner or deputy police commissioner. No member of the police force can under the ruling below become a police commissioner or deputy and preserve his right to a pension upon retirement, because immediately upon accepting the office of police commissioner he would lose his status as a member of the force.

It was specifically determined in *Schieffelin* v. *Enright* (*supra*) that the court was not called upon to prejudge as to what defendant's rights to participate in the benefits of the police pension fund might be under a state of facts and circumstances different from those then appearing. The specific ruling there denied Enright's right to be retired under section 355-a as lieutenant of police, which the order of the mayor retiring him declared was its effect. The mayor did not then retire the applicant as police commissioner but continued him as such while allowing him to retire as a lieutenant, a rank he had vacated when he became commissioner. As a matter of fact, he was not then a lieutenant and could not have been retired as such. Whether he could be retired as commissioner was not ruled upon in the order on the former appeal, but was excepted from the formal decision. This was all that was necessary to be decided, and this was all that was decided. This is shown by the striking from the judgment of the provision that Enright was not entitled to a pension under that statute in any circumstance. The clause struck out read: "That Chapter 651 of the Laws of 1918 is not applicable to defendant Richard E. Enright, and does not authorize the award of a pension to him in the sum of $3,750 per annum." It was evidently the court's intent not to rule upon his right to retire thereafter. Since defendant Enright had lost his office of lieutenant in 1918 when he accepted the office of police commissioner, he could not be retired from such position. He was then police commissioner, and when he was retired as a lieutenant or attempted to be so retired, he still held the former office. The obvious intent of the enactment of section 355-a of the charter was to correct the former provision, section 357, declaring that a commissioner was not for pension purposes a member of the police force, and to declare after its passage that a commissioner became a member of the force solely for pension purposes.

We think that the very enactment indicates that for the purposes of pension retirement a commissioner or deputy commissioner is a member of the force and is intended to be included in that general category for pension purposes. The charter section reads and has for its caption these words: "Pension of member of force after

service as police commissioner or deputy commissioner." Obviously, it was not intended to have it inferred by the use of the words " any member of the police force who shall have performed duty on such force for a period of twenty years," that such member must return to his former membership in the uniformed force merely to be retired, or else he could be retired by the police commissioner succeeding him or the deputy in charge. The enactment requires that he be retired by the mayor. The meaning of the words (having in view the legislative intent), " Any member of the police force," was, any person who has been a member of the police force and may include one who has become a police commissioner or a deputy thereof. The language following in the clause, " who shall have performed duty on such force," that is, a person who has theretofore performed duty as well as one who thereafter or in the future shall have performed duty in the position, indicates an intention to provide for any former member of the force as well as one then serving as such who might thereafter become commissioner or deputy. While expressions in the opinion in *Schieffelin* v. *Enright* (*supra*) lean toward a different view, they were not necessary to the decision proper and were excluded from effect by the action in striking the clause quoted from the judgment entered therein.

We think that thus the pension may be sustained at one-half of the salary of a chief inspector, or $3,750, under section 355-a of the charter, under the retirement as commissioner instead of the former retirement as a lieutenant; and that the judgment should be reversed, without costs, and a judgment awarded dismissing the complaint and vacating the injunction and restraining the payment of a pension only in excess of $3,750.

O'MALLEY, J., concurs.

Judgment affirmed, with costs.