RICHARD S. WADHAMS ET AL. *v.* CITY OF TORRINGTON ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued December 3, 1964—decided March 4, 1965

*Thurston Greene,* for the appellants (plaintiffs).

*Henry J. Naruk,* for the appellees (defendants city et al.).

*Paul Smith,* with whom, on the brief, was *Marcia B. Smith,* for the appellees (defendants Gelormino et al.).

*Walter M. Pickett, Jr.,* for the appellee (defendant Municipal Employees of the city of Torrington).

MURPHY, J. Anthony C. Gelormino, then mayor of the city of Torrington, and Edmond J. Sawoska, the superintendent of public welfare, on October 16, 1961, were voted pensions by the board of trustees of the City of Torrington Employees' Retirement Fund. The plaintiffs claim that the board acted illegally and brought this action, seeking a temporary and permanent injunction restraining the pay-

ment of the pensions to Gelormino and Sawoska and a declaratory judgment (a) that no pension may be paid to any employee who has not reached the age of sixty-five years and (b) that the board, in exercising its discretion to retire employees, may do so only for good cause. The court concluded that the board was empowered to award pensions to Gelormino and Sawoska and rendered judgment for the defendants, vacating a temporary injunction then in force and declining to render a declaratory judgment. The plaintiffs have appealed.

The 1949 General Assembly enacted Special Act No. 344, which established a retirement fund for all full-time employees of the city of Torrington but excluded the employees of the board of education and the members of the fire and police departments since they had other retirement benefits. 25 Spec. Laws 1074. The act did not define the word "employee". Special Acts 1951, No. 588 (26 Spec. Laws 587 § 1), as amended in 1953 by Special Act No. 457 (26 Spec. Laws 1041), stated, however, that the word "employee" should "be construed to include all full-time city officers and officials appointed by the mayor, city clerk and board of councilmen, but to exclude city officers and officials". Section 6 of the retirement act reads as follows: "Any employee, except as provided in section 2 of this act, who has been continuously in the service of the city of Torrington for a period of twenty-five years and who has reached the age of sixty-five years shall be retired upon the written request of said employee, or the board of trustees may in its own discretion retire such employee without such request. Said board may likewise retire any such employee who has been continuously in the service of the city of Torrington for a period of twenty

years prior to reaching the age of sixty-five but such employee shall be paid such proportionate pension as his years of service bear to the twenty-five year period of service." 25 Spec. Laws 1075 § 6. Section 7 of the act provides for the payment and amount of the pension to those employees who have retired after twenty-five years service.

In October, 1961, both Gelormino and Sawoska applied for pensions. Neither asked to be retired, and neither had reached the age of sixty-five years. Gelormino had been a full-time city employee for over twenty-five years when he became mayor in 1957. He was again elected to that office in 1959. He requested a pension commencing November 6, 1961, the day on which his term of office as mayor expired. He was then forty-four years old. Whether he ceased to be a city employee on becoming mayor and thereafter was in the class of city officers or officials excluded from participation in the retirement fund, we are not called upon to decide in this case. See *Sibley* v. *State,* 89 Conn. 682, 684, 96 A. 161. Sawoska was fifty-five years old when he requested a pension, having been a full-time city employee for twenty-four years. Each of the applicants sought the pension under the provisions of the second sentence of § 6 of the retirement fund act for continuous service for over twenty years before reaching the age of sixty-five.

Retirement from office is a prerequisite to the granting of a pension. *Schieffelin* v. *Enright,* 200 App. Div. 312, 314, 192 N.Y.S. 729; 62 C.J.S. 1202, Municipal Corporations, § 588. Pension acts to be valid can only confer pensions on persons who at the time of receiving them are officers or employees of the municipality. *People ex rel. Kroner* v. *Abbott,* 274 Ill. 380, 385, 113 N.E. 696.

The scope of the declaratory judgment claimed by the plaintiffs requires interpretation of both sentences in § 6. The defendants include the city; the chairman and secretary of the board of trustees charged with the administration of the retirement fund who, as such officers, execute orders for payments from the fund; the municipal employees of the city; and Gelormino and Sawoska. In *Wilson* v. *West Haven,* 142 Conn. 646, 116 A.2d 420, we construed No. 368 of the 1941 Special Acts (23 Spec. Laws 954), which provided for the retirement of members of the police department in West Haven. Although the language in that act is not identical with the language of the act we are considering, the rationale of that opinion applies here so that it does not have to be repeated. In the light of that analysis, the first sentence in § 6 is construed as giving every full-time employee of the city, who has been continuously in the service of the city for twenty-five years and is at least sixty-five years old, except those excluded by the act as amended, the right to demand voluntary retirement and a pension. The board has no discretion when retirement is requested by those so entitled. The last phrase in this sentence empowers the board in its discretion, regardless of the employee's desire, to retire any full-time employee who has reached the age of sixty-five and served twenty-five years, but in such cases, good cause for the retirement must exist. *Wilson* v. *West Haven,* supra, 656.

We now take up the second sentence in § 6. It does not confer upon any twenty-year employee who has not reached the age of sixty-five years the right to voluntary retirement as claimed by the defendants. If it did, it would be in direct conflict with and practically nullify the provision in the first sentence

that twenty-five years of service and attainment of the age of sixty-five years were prerequisites to that right. That is demonstrated in Gelormino's case. He had the required length of service before he became mayor but had not reached the age of retirement. To adopt the reasoning of the defendants would permit any twenty-year employee to circumvent the clear and unambiguous language in the first sentence. That could not have been intended. Rather, the second sentence purports to permit the board in its discretion to retire, without cause or reason, twenty-year employees who are under sixty-five years of age. As the second sentence does not set a sufficient standard to guide and govern the board, the attempted delegation of power to the board is a nullity. Id., 655. The second sentence of § 6 is unconstitutional, but as it is completely severable from the other provisions in the act, this holding does not affect the validity of the rest of the act. *Amsel* v. *Brooks,* 141 Conn. 288, 300, 106 A.2d 152; *Mott's Super Markets, Inc.* v. *Frassinelli,* 148 Conn. 481, 491, 172 A.2d 381.

The plaintiffs are entitled to a permanent injunction restraining the city of Torrington and the chairman and secretary of the board of trustees of the retirement fund from paying Gelormino and Sawoska the pensions voted them on October 16, 1961.

There is error, the judgment is set aside and the case is remanded with direction to render a declaratory judgment and a permanent injunction in accordance with this opinion.

In this opinion the other judges concurred.