R. C. LITTLETON, Appellant,

v.

Scott REED et al., Appellees.

Court of Appeals of Kentucky.

June 26, 1970.

Henry R. Wilhoit, Jr., Wilhoit & Wilhoit, Gary L. Littleton, Grayson, for appellant.

John B. Breckinridge, Atty. Gen., Joseph L. Famularo, Asst. Atty. Gen., Frankfort, for appellees.

CLAY, Commissioner.

This suit was brought by appellant, a former circuit judge, to compel the payment of retirement benefits under the provisions of KRS 21.150 to 21.510. Appellant would be entitled to such benefits under the provisions of KRS 21.365(3), but his claim was contested on the ground that the subsection violated sections 3 and 59 of the Kentucky Constitution. The Chancellor held this part of the statute unconstitutional as violative of section 3.

Appellant served as a circuit judge from 1940 until 1952 and has not served in that capacity since the latter date. During his period of service no retirement or pension plan was in effect. In 1954 what was essentially such a plan was enacted and the constitutionality of this law is not in question. In 1968 the legislature amended KRS 21.365 by adding thereto subsection (3) which reads:

"Each circuit judge in office in 1951, who had completed ten or more years of service at that time, shall receive a retirement allowance, and shall be considered a participant of the judicial retirement system."

The effect of this amendment was to bring into the judicial retirement system certain judges whose public service had been completed prior to its creation. The Chancellor held, and we agree, that this constituted a grant of public emolument in violation of section 3 of the Kentucky Constitution which provides in part:

"* * * no grant of exclusive, separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public service; * * *."

It is appellant's contention that circuit judges perform public services, which of course is true, and that pension and retirement plans have been upheld as not violating section 3 of the Constitution. See Board of Education of City of Louisville v. City of Louisville, 288 Ky. 656, 157 S. W.2d 337 (1941), and Maybury v. Coyne, Ky., 312 S.W.2d 455 (1958). Those cases, however, involved persons who were actively engaged in public service at the time

they became participants in such plan. It is a matter of first impression in this state as to whether the legislature may constitutionally compensate by way of pension or retirement benefits a person whose public service had been completed prior to the promulgation of the plan.

The public purpose which justifies the expenditure of public funds in the form of pensions was thus stated in Maybury v. Coyne, Ky., 312 S.W.2d 455, 457 (1958):

> " * * * as an inducement to competent persons to enter and remain in public service and to encourage the retirement from that service of those who become incapacitated from performing official duties as well as they might be performed by younger persons."

Obviously no such purpose could be served by the payment of a pension to one who was not induced to enter or remain in public service, or who was not induced to retire by reason of such plan. Such compensation could not be declared "in consideration of public service" because no public service was performed therefor. To appropriate public funds in recognition of some past public service for which compensation has already been paid is to grant a gratuity. It has so been held by most of the states considering the problem under constitutional provisions similar to section 3 of our Constitution. See 142 A.L.R. Anno.—Pensions—Public Officers or Employees, 938.

In Bedford v. White, 106 Colo. 439, 106 P.2d 469 (1940), the Colorado Supreme Court, by a divided vote, held that the allowance of pension benefits to a public official whose public service had been performed prior to the passage of the pension act did not violate the Colorado Constitution. A vigorous dissent pointed out the illogical aspects of the majority opinion.

Two years later the Supreme Court of New Mexico had a similar question in State of New Mexico ex rel. Sena v. Trujillo, 46 N.M. 361, 129 P.2d 329 (1942). The opinion in that case carefully analyzed the opinion of the majority in the Bedford case and the court declined to follow it. We think the reasoning in the New Mexico opinion is not refutable. See also State ex rel. Levine v. Lee, 21 Conn.Sup. 116, 145 A.2d 378 (1958); Burton v. City of Albany, 40 Misc.2d 50, 242 N.Y.S.2d 510 (1963); and Wadhams v. City of Torrington, 152 Conn. 454, 208 A.2d 549 (1965).

Appellant calls our attention to the veterans' bonus cases. See 7 A.L.R. Anno.—Soldiers' Bounty, 1636, and 15 A.L.R. 1359. In Stovall v. Gartrell, Ky., 332 S.W.2d 256 (1960), we upheld the constitutionality of such an act after noting a conflict of authorities on the question. However, in that case we found a very special public purpose was served by the granting of such rewards. No such public purpose can be found in the legislation under consideration. It may be observed further that the question of financing such a bonus was submitted to a vote of the people.

In passing we may observe that if the statutory subsection here involved were upheld as constitutional then the legislature could compensate by way of pensions or otherwise any and all persons who had in the past performed some public service. This would constitute a diversion of public funds to the granting of emoluments for something other than in legal consideration of public services. Section 3 of our Constitution forbids just that, and the Chancellor correctly so decided.

It is unnecessary to consider the claimed violation of section 59 of the Kentucky Constitution.

The judgment is affirmed.

EDWARD P. HILL, Jr., C. J., and NEIKIRK, MILLIKEN, OSBORNE, PALMORE and STEINFELD, JJ., concur.

REED, J., not sitting.