WILLIAM J. SCHIEFFELIN, Respondent, *v.* WILLIAM J. LAHEY et al., Appellants.

Taxpayer's action — New York city — police — civil service — captain of police vacates his office on acceptance of office of deputy police commissioner — not disqualified for restoration to original position — reinstatement in office authorized by municipal civil service rules — neither purpose nor language of Civil Service Law contravened by rule — words " selected from " in section 288 of the charter relate only to classes eligible for promotion, from which original appointments must be made — not intended to prohibit reinstatements — complaint in taxpayer's action to restrain payment for services of captain of police, restored to duty after service as deputy police commissioner, dismissed.

1. Under the provisions of either or both sections 291 and 1549 of the charter of the city of New York (L. 1901, ch. 466) the defendant, a captain of police, vacated his office as a member of the police force when he accepted appointment and performed duties as deputy police commissioner and the statutory effect of his acceptance was not changed by lack of intention to vacate the first office or his motive for accepting the second. He was not, however, separated from the civil service and his temporarily holding an exempt position in the police department in no sense disqualified him for restoration to his position as captain.

2. By force of the provisions of sections 283 and 288 of the charter defendant thereafter was ineligible for original appointment to his former office of captain of police, but he might be reinstated in that office under the municipal civil service rule providing that a person permanently appointed to a position in the competitive class, who has been appointed to a position in the exempt class and served continuously therein, " may be restored * * * to the position originally held by him." By section 11 of the Civil Service Law (Cons. Laws, ch. 7) power was conferred upon the commission to make rules, and neither the purpose of the Civil Service Law nor the language of that statute was contravened by the rule permitting reinstatement of defendant without further examination or new proof of fitness, in an office for which his fitness had already been demonstrated.

3. The words " selected from," in section 288 of the charter, providing that " captains shall be selected from lieutenants of police," are not all-inclusive but relate only to classes eligible for promotion

from which original appointments must be made. They have no necessary relation to and are not intended to prohibit reinstatements, for which the charter makes no provision, the omission being remedied by the rule.

4. The complaint, therefore, in a taxpayer's action to restrain officers of the city of New York from certifying payrolls containing the name of defendant as a member of the uniformed police force or paying any moneys to him for services as such, should be dismissed, where the pleadings show that though defendant had accepted appointment and performed his duties for over two and a half years as second deputy police commissioner, at the end of that time he was restored to duty as a captain of police by the police commissioner, which restoration was duly authorized and approved by the municipal civil service commission.

*Schieffelin* v. *Lahey*, 213 App. Div. 865, reversed

(Argued March 30, 1926; decided June 8, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 1, 1925, unanimously affirming a judgment in favor of plaintiff entered upon an order of Special Term granting a motion by plaintiff for judgment on the pleadings.

*George P. Nicholson*, Corporation Counsel (*Edmund L. Mooney, John F. O'Brien, Arthur Sweeny* and *Wilber W. Chambers* of counsel), for appellants. The police commissioner of the city of New York had power to assign or detail Captain Lahey to perform police duty in the position of deputy police commissioner, and when so performing the duties of deputy police commissioner, he was still a member of the police force of the city. (*People ex rel. Daly* v. *Greene*, 91 App. Div. 58; 178 N. Y. 617; *McAvoy* v. *Press Publishing Co.*, 114 App. Div. 540; *People ex rel. O'Connor* v. *Girvin*, 227 N. Y. 392; *Philips* v. *Leary*, 114 App. Div. 871; *Matter of Fay* v. *Partridge*, 174 N. Y. 526; *Matter of Ryan*, 228 N. Y. 16; *Matter of Sugden* v. *Partridge*, 174 N. Y. 87.) The defendant Lahey did not " accept " any additional place of public trust or

civil emolument as defined in section 291 of the Greater New York charter, or any other office connected with the government of the city of New York under section 1549 of the charter, within the fair and reasonable intendment of those sections. (*Schieffelin* v. *Enright*, 200 App. Div. 312; Dillon on Mun. Corp. [5th ed.] § 417.) The defendant Lahey was properly restored to the position of captain in the police force, pursuant to the provisions of rule XIV, subdivision 3, of the Municipal Civil Service Rules. (*People ex rel. Davis* v. *Lynch*, 164 App. Div. 517; *Hale* v. *Worstell*, 185 N. Y. 247; *People ex rel. Kelly* v. *Milliken*, 140 App. Div. 762; 201 N. Y. 545; *De Turk* v. *Commonwealth*, 129 Penn. St. 151.)

*Leonard M. Wallstein* and *Ralph M. Frink* for respondent. The defendant Lahey automatically and immediately vacated his office as a captain of police when on January 24, 1918, he was appointed second deputy police commissioner and accepted such appointment. (*Hulbert* v. *Craig*, 124 Misc. Rep. 273; 213 App. Div. 865; 241 N. Y. 525; *Schieffelin* v. *Enright*, 200 App. Div. 312; *People ex rel. Ward* v. *Drake*, 43 App. Div. 325; 161 N. Y. 642; *People ex rel. Kelly* v. *City*, 77 N. Y. 503; *Davenport* v. *Mayor*, 67 N. Y. 456; *People ex rel. Ryan* v. *Green*, 5 Daly, 254; *People ex rel. Henry* v. *Nostrand*, 46 N. Y. 375; *Matter of Gilroy*, 11 App. Div. 65; *People ex rel. Russell* v. *Commissioners*, 76 Hun, 146; *Attorney-General* v. *Council*, 112 Mich. 145; *State ex rel. Metcalf* v. *Goff*, 15 R. I. 505; *State ex rel. Clawson* v. *Thompson*, 20 N. J. L. 689; 1 Dillon on Mun. Corp. [5th ed.] § 417.) The operation of the statutory rule of incompatible offices could not be withheld, suspended or evaded by the grant of a leave of absence to Lahey as captain, or by an intention, agreement or understanding by the commissioner or by Lahey or by both that Lahey's captaincy should not be vacated on his appointment as deputy commissioner, or that Lahey's tenure as deputy commissioner should be only

brief or temporary and followed by a resumption of his captaincy. (*People ex rel. Ward* v. *Drake,* 43 App. Div. 525; 161 N. Y. 642; *People ex rel. Kelly* v. *City,* 77 N. Y. 503; *Adams* v. *Roscoe,* 159 N. Y. 176.) Civil Service rule XIV, subdivision 3, does not aid the appellants, because it is inconsistent with mandatory provisions of law and, therefore, is void and of no effect. (*People ex rel. Pettit* v. *Kane,* 70 N. Y. Supp. 982; *People ex rel. Fleming* v. *Dalton,* 158 N. Y. 175; *People ex rel. Franklin* v. *Fetherston,* 168 App. Div. 416; *People ex rel. Leet* v. *Keeler,* 157 N. Y. 90; *People ex rel. Durie* v. *Lynch,* 164 App. Div. 517; *Schieffelin* v. *Enright,* 200 App. Div. 312; Dillon on Mun. Corp. [5th ed.] § 417; *People* v. *Metropolitan Police Board,* 26 N. Y. 316.)

Pound, J. The plaintiff has brought a taxpayer's action to restrain the appropriate officers of the city of New York from " certifying any payrolls containing the name of defendant William J. Lahey as a member of the uniformed police force of the police department of the city of New York, or for the payment of any moneys to said defendant Lahey for services as a member of said uniformed police force." Prior to January 24, 1918, the defendant Lahey was and had been for many years a member of the uniformed police force of the police department of the city of New York, and on that date held the rank or grade of captain in that force. He was granted leave of absence as a captain in such police force for six months, and on the same day he was appointed second deputy police commissioner of the city of New York and he acted as second deputy police commissioner until the 4th day of September, 1920. During this period his leave of absence was periodically extended. It was revoked on that day and on the same day he was restored to duty by the police commissioner as a captain of police and assigned and detailed to duty as chief inspector of the police department of the city of New York. Since that date

he has continuously acted as, and performed the duties of, such chief inspector. The plaintiff claims that under the provisions of sections 291 and 1549 of the Greater New York charter the defendant Lahey vacated his office in the uniformed police force by accepting the office of second deputy police commissioner, and that the police commissioner could not thereafter restore him to the position he had previously held. Judgment on the pleadings has been granted which sustained the plaintiff's contention.

The defendant contends that a second deputy police commissioner, like a captain of police, holds a position in the police force or police department of the city, and that the two positions do not constitute separate offices within the meaning of the sections of the charter on which the plaintiff relies, and that in any event the defendant did not " accept " the office of second deputy police commissioner within the meaning of the charter provision, though he admits that he acted as second deputy police commissioner for more than two and a half years. Upon a motion for judgment on the pleadings by the plaintiff we must give full force to all the allegations of the answer. Doubtless these allegations are sufficient to show that the defendant Lahey never sought the office of deputy police commissioner, and that he performed the functions of that office only because he believed that it was his duty to perform these functions when the police commissioner directed him to do so. We may assume that he acted under a sense of duty and in ignorance of the effect of his acceptance of a new position upon his right to continue to hold his previous position. Doubtless both the commissioner and he believed that when he left the office as second deputy police commissioner he could be restored to duty in his former position. That neither the police commissioner nor defendant Lahey intended that by acceptance of the new office Lahey should vacate his position of police captain is conclusively shown by simultaneous grant of leave of absence to him as police captain.

Grant of leave of absence as captain does not, however, show that when the defendant acted for more than two years under an appointment as deputy police commissioner, he did not accept the office. On the contrary, if an inference of fact may be drawn upon a motion of this kind it would seem that since Lahey knew that he had a leave of absence as police captain he must have known that he was acting under appointment as deputy police commissioner. The statute gives to acceptance of new office the effect of vacating office previously held. Lack of intention to vacate the first office does not change the statutory effect of the acceptance of the second office, and the motive for accepting office, however laudable, and the hardship which the courts might well desire to find ground for avoiding, do not justify the creation of a judicial exception to a general statutory rule to which the Legislature has provided no exception either expressly or by reasonable implication. The pleadings show that the defendant Lahey has accepted appointment and performed his duties for over two and a half years as second deputy police commissioner. We must give to his acts the effect which the Legislature has decreed they shall have.

Technically, it may be that the office of commissioner or deputy commissioner in the police department is a different office from that held by a member of the uniformed police force. Differentiation between the offices or positions is shown in numerous sections of the Greater New York charter. The police commissioner is by section 270 made head of the police department. The police force consists of certain groups or persons provided for by section 276 of the charter, and the police commissioner is not included in such groups. The police commissioner, subject to limitations described in the charter, has power to appoint and remove members of the police force, under section 283 of the charter. No such limitations apply to his power to appoint and at

pleasure remove his deputies.. The method of promotion
of officers and members of the police force so that it may
be based on merit is carefully safeguarded in section 288.
Though by section 292 of the charter it is provided that
" the police commissioner shall be the chief executive
officer of the police force," it is clear that in no other
sense is he a member of the police force. Because he is
head of the police department he may direct performance
by members of the police force of the duties imposed upon
them by law. He is not otherwise a member of the force,
and in all other respects the office of police commissioner
or a deputy is inconsistent with the office of a member of
the police force. If doubt were otherwise at all possible,
it would be removed by the language of section 291 of the
charter, which provides that " any police commissioner,
or any member of the police force, who shall, after qualify-
ing in office, accept any additional place of public trust
*  *  *  shall be  *  *  *  deemed thereby to have
resigned his commission and to have vacated his office
*  *  *." The provisions of law expressly made appli-
cable to a " police commissioner *or* any member of the
police force " shows that the Legislature recognized that
a police commissioner is not a member of the police force.
It follows that either under the provisions of that section
or of section 1549 of the charter, or both, the defendant ·
Lahey vacated his office as a member of the police force
when he accepted and performed the duties of a deputy
police commissioner.

By force of the sections of the statute we have referred
to, the defendant Lahey was for two and a half years
not a member of the uniformed police force although he
was holding an executive position in the police depart-
ment. Under section 283 of the charter, appointment as
patrolman may be made only of men under twenty-nine
years of age. Such appointment may be made only in
accordance with the constitutional provisions, and the Civil
Service Law (Cons. Laws, ch. 7) and rules, and after a

preliminary period of probation. Under section 288 of the charter promotion must be made in similar manner. " Sergeants shall be selected from among patrolmen of the first grade. Lieutenants of police shall be selected from among sergeants who shall have served at least one year continuously as such. Captains shall be selected from among lieutenants of police who shall have served at least one year as such." Original appointment to that position under the circumstances would now be illegal, because Lahey has passed the statutory age for appointment as patrolman, and captains of police must be selected from among lieutenants of police who shall have served at least one year as such. But authority to reinstate Lahey to the position temporarily vacated by him is to be found elsewhere. The answer shows that the municipal civil service commission adopted a rule which provides that "A person who has been permanently appointed to a position in the competitive class in any department, and who was separated from his position in that class by appointment to a position in a non-competitive or exempt class, or to a position in another group of the competitive class, and who has served continuously therein from the date of such separation, may be restored without the application of the foregoing restrictions, either to the position originally held by him, or to any position to which transfer could be made therefrom." The answer further alleges that the municipal civil service commission duly authorized and approved the restoration or transfer of said defendant Lahey from the position of second deputy commissioner in the exempt class to the position of captain in the competitive class, pursuant to the provisions of the above rule, and duly issued a certificate of transfer.

Section 16 of the Civil Service Law provides that promotion, transfer and reinstatement from a position in one class to a position in another class shall be made only as authorized by the State or municipal commission.

Section 10 of the Civil Service Law confers upon the commission power to make " rules for the classification of the officers, places and employments in the ˙classified service of the State  *  *  *  and for appointments and promotions therein and examinations therefor, not inconsistent with the Constitution and the provisions of this chapter." Section 11 of the Civil Service Law authorizes the municipal civil service commission to prescribe, amend and enforce rules for appointments and promotions subject to the approval of the mayor and the State Civil Service Commission.

The restoration of the defendant Lahey to his former position as captain in the police force comes within the language of the rule above quoted. He was separated from that position in the competitive service by appointment to office as deputy police commissioner in the non-competitive service. At no time had he left the service of the city, and at all times he remained in the police department. He had obtained his original position by merit demonstrated according to provisions of the charter, and the Civil Service Law. Neither the purpose of the Civil Service Law nor the language of that statute was contravened by rule giving the commissioner the right to reinstate him without further examination or new proof of fitness in an office for which his fitness had already been demonstrated.

The New York Constitution provides (Art. V, § 9): ˙"Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; * * *. *Laws shall be made to provide for the enforcement of this section.*"

The Civil Service Law refers to four distinct methods by which a position in the State or municipal service may be filled; *i. e.,* by original appointment, by promotion,

by transfer and by reinstatement (Civil Service Law,
§ 16).   While the city charter (§§ 283, 288, *supra*) pro-
vides how sergeants, lieutenants and captains of police
shall be selected, we are persuaded that the words
" selected from," comprehensive as they are, are not all-
inclusive; that they relate only to the classes eligible for
promotion from which original appointments must be
made; that they have no necessary relation to reinstate-
ments and are not intended to prohibit reinstatements,
and that the civil service rule covers a field not covered
by the charter.   Lahey was promoted in proper form to
the position of captain.   His original selection to fill the
post was under the charter.   His merit and fitness have
been determined by competitive tests.   The only ques-
tion is whether he is eligible to reinstatement.   He is so
eligible under the rule.   It is said that he has lost his
right to reinstatement because he has separated himself
from the uniformed force and the place he held may be
filled only by selection under the provisions of the charter.
But reinstatement is *casus omissus* so far as the charter
is concerned and the omission is remedied by the rule.
The language of the charter is thus given fair and liberal
construction and the rule becomes operative.   However
broad the language of the statute may be, the letter does
not govern unless the intention of the Legislature is
thereby given effect (*Riggs* v. *Palmer*, 115 N. Y. 506;
*People ex rel. Hunt* v. *Lane*, 132 App. Div. 406; affd.,
196 N. Y. 520), and the intention of the Legislature is
shown by the provisions of the Civil Service Law relative
to reinstatements.

It is urged that it follows that the municipal civil
service commission might adopt, with the approval of the
State Civil Service Commission, a rule which would permit
reinstatement for any person who had ever held a position
in the municipal civil service although he had been
separated from such service for a long period of time.
Not so.   Lahey was not separated from the civil service;

he temporarily held an exempt position in the police department which in no sense disqualified him for restoration to his position as captain. We hold merely that the rule applies to the case we are now considering. The presumption is that the civil service commission will keep within its powers and will not attempt to evade the Constitution by insidious exceptions to the rule of merit and fitness therein laid down.

The judgments should be reversed and the complaint dismissed, with costs in all courts.

LEHMAN, J. (dissenting). The defendant Lahey has vacated his office as captain in the police force of the city of New York. Unless and until the police commissioner has reappointed or reinstated him to the office he has previously held the defendant has no claim or title to it. Power of appointment to the police force is expressly conferred upon the police commissioner by the charter of the city of New York. That power is not unlimited. Those appointed must possess certain qualifications. The defendant Lahey possessed those qualifications at the time of his original appointment. He no longer possessed them at the time of his attempted reinstatement. The rules of the civil service commission may provide the method by which appointment may be made in accordance with the mandate of the Constitution; they cannot confer power of appointment where none has been granted by the Legislature. They cannot enlarge power that has been granted where express limitation has been imposed by statute. Attempted restoration of the defendant Lahey to his office by the police commissioner is effectual only if the statute as well as the rules of the municipal civil service commission authorizes a restoration to office where new appointment could not be made. Such authority is not expressly given and there is nothing in the charter from which it might be implied. On the contrary, it appears that when the

Legislature intended that the police commissioner should have power to reinstate, it gave such power expressly. (See section 1543 of the charter.) Argument that such power should be vested in the police commissioner should be addressed to the legislative body which under recent amendment to the Constitution has power to confer it and not to the municipal civil service commission.

The judgments should, therefore, be affirmed.

HISCOCK, Ch. J., CRANE and ANDREWS, JJ., concur with POUND, J.; LEHMAN, J., dissents in memorandum with which CARDOZO and MCLAUGHLIN, JJ., concur.

Judgments reversed, etc.