WILLIAM J. SCHIEFFELIN, Respondent, *v.* JOSEPH A. WARREN, as Police Commissioner of the City of New York, et al., Appellants.

(Argued February 19, 1929; decided March 19, 1929.)

*George P. Nicholson, Corporation Counsel* (*Elliot S. Benedict, William E. C. Mayer, Arthur Sweeney* and *J. Joseph Lilly* of counsel), for Police Commissioner of the

city of New York, appellant. The defendant, Enright, is entitled to the pension allowed a chief inspector under the provisions of section 355-a of the New York City Charter. (*People ex rel. Bolster* v. *French*, 46 Hun, 232; *Matter of Mahon* v. *Board of Education*, 171 N. Y. 263; *Norris* v. *Sullivan*, 47 Conn. 474; *People ex rel. Eckerson* v. *Board of Education*, 126 App. Div. 414; *Hamitt* v. *Gaynor*, 82 Misc. Rep. 196; 165 App. Div. 909.) If former Commissioner Enright is entitled to a pension it is at the rate of $3,750 per annum, which was half the salary of a chief inspector at the time of his retirement. (*People ex rel. Clark* v. *Waldo*, N. Y. L. J. Nov. 22, 1911, p. 83; *People ex rel. O' Neil* v. *Waldo*, N. Y. L. J. Nov. 1, 1913, p. 564; *Matter of Deishley* v. *Enright*, N. Y. L. J. April 1, 1925, p. 10; *Matter of Roddy* v. *McLaughlin*, N. Y. L. J. June 22, 1926, p. 1291; *Storey* v. *Craig*, 231 N. Y. 33; *City of New York* v. *Union Railway Co.*, 206 App. Div. 472; 238 N. Y. 571; *Grimmer* v. *Tenement House Department*, 205 N. Y. 594; *Wintersteen* v. *City of N. Y.*, 220 N. Y. 57; *City of New York* v. *New York City Railway*, 193 N. Y. 543.)

*John Lehman, Leon G. Godley* and *Hyman W. Gamso* for Richard E. Enright, appellant. The order of retirement was authorized by, and is valid under the provisions of section 355-a of the New York City Charter. (*People ex rel. Met. Ry. Co.* v. *Tax Comrs.*, 174 N. Y. 417; *Schieffelin* v. *Lahey*, 243 N. Y. 102; *Eckerson* v. *Board of Education*, 126 App. Div. 414; 193 N. Y. 601; *Norris* v. *Sullivan*, 47 Conn. 474; *Mahon* v. *Board of Education*, 171 N. Y. 263; *Matter of Rockaway Park Imp. Co.*, 83 Hun, 263; *Klutts* v. *Jones*, 20 N. Mex. 230; 148 Pac. Rep. 494; *Davis* v. *Brace*, 82 Ill. 542; *City of New York* v. *N. Y. Ry. Co.*, 193 N. Y. 543; *People ex rel. W. S. El. Co.* v. *Consol. Tel. Co.*, 187 N. Y. 58.)

*Leonard M. Wallstein* and *Ralph M. Frink* for respondent. The pension to defendant Enright cannot be sus-

tained in any amount whatever by section 355-a of the charter for defendant Enright had ceased to be a member of the police force before that statute was enacted and before the pension was granted, so that this section did not apply to him. (*Schieffelin* v. *Enright*, 200 App. Div. 312; *Schieffelin* v. *Lahey*, 243 N. Y. 102; *Schieffelin* v. *McLaughlin*, 127 Misc. Rep. 56; *Runk* v. *Knight*, 196 App. Div. 99; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Eddy* v. *Morgan*, 216 Ill. 437; *Clark* v. *Police Board*, 127 Cal. 550; *State* v. *Ziegenheim*, 144 Mo. 273; *Matter of Mahon* v. *Board of Education*, 171 N. Y. 263; *People ex rel. Waddy* v. *Partridge*, 172 N. Y. 305; *Glaser* v. *City of Buffalo*, 115 Misc. Rep. 88.) Section 14-b of the General City Law (L. 1924, ch. 409) is local and special in terms and, therefore, void. (*People ex rel. Dunn* v. *Ham*, 166 N. Y. 477; *People ex rel. Devery* v. *Coler*, 173 N. Y. 103; *People ex rel. Werner* v. *Prendergast*, 206 N. Y. 405; *Cleveland* v. *City of Watertown*, 222 N. Y. 159; *Rathbone* v. *Wirth*, 6 App. Div. 277; 150 N. Y. 459; *McGrath* v. *Grant*, 37 Misc. Rep. 64; 69 App. Div. 314; 171 N. Y. 7; *De Bow* v. *People*, 1 Den. 9; *Bank* v. *Sparrow*, 2 Den. 97; *People* v. *Supervisors*, 8 N. Y. 317; *Development Co.* v. *Kennedy*, 158 App. Div. 398; *State* v. *Polacheck*, 101 Wis. 427; *Jackson* v. *State*, 101 Ark. 473; *Wells* v. *Missouri Pacific Co.*, 110 Mo. 286; *Connole* v. *Railway*, 216 Fed. Rep. 823.)

CRANE, J. On November 2, 1896, Richard E. Enright was appointed a patrolman in the uniformed police force of the city of New York. Thereafter he was duly appointed at different times roundsman, sergeant and lieutenant on said force, and served continuously in the various positions mentioned from November 2, 1896, to January 23, 1918, a period of more than twenty years. During this period he made full contribution to the police pension fund. On January 24, 1918, he was appointed by the Mayor, Police Commissioner of the city of New York, a position which he held continuously until twelve

o'clock midnight on December 30, 1925. On December 30, 1925, the Mayor retired said Enright as Police Commissioner of the city of New York as of midnight December 30, 1925, and granted to him an annual pension.

For reasons stated in our decision in *Schieffelin* v. *Lahey* (243 N. Y. 102) and which need not be here repeated, Enright upon accepting the office of Police Commissioner on January 24th, ceased to be a member of the police force. He became Police Commissioner and was serving as such when on May 1, 1918, chapter 651 of the Laws of 1918 became effective. This added section 355-a to the Greater New York Charter. Enright at this time had served about three months as Police Commissioner. In January of 1918, when he was appointed, section 357 of the charter provided that " neither the police commissioner nor either deputy police commissioner shall be members of the police force within the meaning of the provisions of this act relating to pensions, nor be entitled to any pension, nor share in the relief pension fund of the police department." Chapter 651 of the Laws of 1918 remedied this situation. It provided: " Service as police commissioner or deputy police commissioner by a member of the police force shall be deemed the performance of duty on such force. Any member of the police force who shall have performed duty on such force for a period of twenty years, and for at least six months as police commissioner or deputy police commissioner, may be retired by the mayor and placed upon the pension roll of the police department and granted the pension allowed to a chief inspector in such department."

Enright has paid into the police pension fund the full amount of the deductions from his salary as Police Commissioner from the date of his appointment in 1918 to December 31, 1925, as contribution of the proper proportionate amount of his salary as Commissioner to the police pension fund, together with interest on the

several annual installments of such deductions. After twenty-eight years of continuous service for the city of New York as a member of the police force, and then as Commissioner of Police, Enright deems himself entitled to the pension provided by section 355-a of the Greater New York Charter, and in our judgment his claim is justified. He comes within the provisions of that act.

As I have above stated, when this section was added to the charter, Enright was serving as Police Commissioner. This section refers to Police Commissioners; it deals with the Police Commissioner and his pension, not the pension of a member of the police force, but the pensions of the Police Commissioners. It says that service as Police Commissioner by a member of the police force shall be deemed the performance of duty on such force. These words did not change our ruling in the *Lahey* case or the provisions of section 291 of the charter. A member of the police force who takes the position of Police Commissioner ceases to be a member of the police force, and section 355-a has made no change in this particular. He is not a member of the police force serving as Police Commissioner, but service as Police Commissioner by one who has been a member of the police force shall be deemed the performance of duty on such force for pension purposes. In other words, the city of New York does not desire to lose the benefit of trained, experienced men as Police Commissioners by excluding them from the benefits of a pension if they become Commissioners, or Deputy Commissioners. Then the act goes on to provide a pension not for a member of the force, but for the Commissioner. The Commissioner has ceased to be a member of the force, but he is to have a pension under certain conditions.

The next sentence of section 355-a provides that a Police Commissioner who has served as such for at least six months, and who shall have performed duty on the police force for a period of twenty years may be retired

by the Mayor and placed upon the pension roll of the police department and granted the pension allowed to a chief inspector in such department. This applies to Enright. He was Police Commissioner at the time of the passage of the act. He not only served six months as Police Commissioner, but over seven years after the passage of the act, and had served as a member of the police force for over twenty years. Such service brings him within the words of the act, and in my opinion within the intention and purpose of the act. The respondent claims that this provision should be interpreted as if it read: " any member of the police force who shall have performed duty on such force for a period of twenty years and who while a member of the force shall hereafter be appointed police commissioner," etc. The answer to this contention is that the act does not read that way. There are two requisites, and only two, which will entitle the Commissioner to the pension. He must have been a member of the force and performed his duty on such force for a period of twenty years, *and* have been Police Commissioner after the passage of the act for a period of six months. Enright met both these requirements. The respondent again claims that Enright was not a member of the police force in May of 1918, when section 355-a was added to the charter, and, therefore, the act did not apply to him. He was a Commissioner, however, and the act applied to Commissioners. Counsel would have us read this section as if it only applied to an acting policeman appointed Commissioner after the passage of the act. I see no reason for giving this section this narrow meaning. The Legislature had it in its power to provide a pension for a Police Commissioner who had served twenty years on the force. Enright was serving as Commissioner at the time the act took effect and had served twenty years on the force, as I have above stated. What reason is there

for excluding him from the benefits of the act, when from all intents and purposes he was supposed to come within it?

Section 357 of the charter was brought over from the old Consolidation Act, chapter 410, section 309, of the Laws of 1882. (See, also, Laws of 1884, chap. 180, § 20.) When embodied in the charter of 1897, the Greater New York Charter, the Police Commissioner and Deputy Police Commissioner were excluded from the pension act. Under the old system, the police force of New York city was governed by four Commissioners, one of whom was the president (Laws of 1882, chap. 410, §§ 37, 264). These men had generally been civilians, not taken from the force. In 1896 Mr. Theodore Roosevelt was president of the Commission. After the adoption of the Greater New York Charter, when only one person was Police Commissioner, lawyers, army officers or business men were usually appointed to the office. It was quite natural that these men never having been part of the police force should be express y excluded from the benefits of the pension fund. The charter of the city of Brooklyn (Laws of 1888, chap. 583, as amended) provided (Title XI, sec. 1) for a Commissioner of Police and Excise who was not a member of the force. (Sec. 4.) Within my own recollection the Commissioner was always some person not a policeman. Section 42, subdivision 6, of that charter provided for a policeman's retirement on half pay after twenty years' service. For years the public, acting through its Legislature, considered that twenty years' service on the force merited a pension. The provisions of section 355-a of the Greater New York Charter were not new as to time of service and amount of the pension.

With the appointment of Mr. Enright a new method was adopted. A man trained through all the positions upon the police force was considered by the then Mayor to be a fit and proper person to be made Police Com-

missioner. Anyhow, he was made Police Commissioner and taken from the force. By his promotion he severde his connection with the police force and would have lost all his rights to the pension. Is it not reasonable to suppose that the Legislature, knowing these facts, in its then present session, in the spring of 1918, enacted section 355-a for the benefit of the acting Commissioner as well as for all others who might thereafter be similarly situated? The Legislature realized that the Mayors could not get men from the force to serve as Commissioners or Deputies if they would lose their pensions after years of service. Pragmatic considerations suggest that the Legislature intended its act of May, 1918, to apply to the then Commissioner, if he served six months or more, as well as to any other Commissioner who might be appointed from the force. The Legislature having power to act in the matter and cover the present Commissioner as well as all others thereafter appointed, I can see no substantial reason for excluding him from the benefits of its wise provisions.

The case of *Schieffelin* v. *Enright* (200 App. Div. 312) has no bearing on this point; in fact the question now before us was expressly reserved by the Appellate Division from its decision. The Mayor in December of 1920 had attempted to retire Enright as a lieutenant from the police force, the position formerly occupied by him before he had assumed the duties of Commissioner. The Commissioner was not a member of the force; he had ceased to be a lieutenant, and there was no authority in the Mayor justifying such retirement. This was the ruling of the Appellate Division. That court modified the order appealed from by striking out that portion which read: " Ordered and adjudged as follows: 1. That chapter 651 of the Laws of 1918 is not applicable to defendant, Richard E. Enright, and does not authorize the award of a pension to him in the sum of $3,750 per annum." The Commissioner has now been retired as Commissioner

in accordance with chapter 651 of the Laws of 1918 (now section 355-a of the Greater New York Charter) and it is the construction of that law which is before us.

Being of the opinion that Richard E. Enright as Police Commissioner was entitled to be retired by the Mayor and to the pension allowed to a chief inspector, there is no question as to the amount of that pension. It is one-half the pay of a chief inspector, or $3,750 per annum. No question on this appeal is raised as to this amount, if section 355-a of the charter applies.

We agree with the Appellate Division that chapter 509 of the Laws of 1924, amending chapter 26 of the Laws of 1909, entitled, " An Act in relation to cities, constituting chapter twenty-one of the consolidated laws," and inserting therein a new section known as 14-b, is unconstitutional for the reasons stated below.

The judgments of the Appellate Division and the Special Term must be modified. As above stated, the Mayor retired the Commissioner on a pension of $5,000. This was too much. The Corporation Counsel concedes that it should have been $3,750. The judgment of the Special Term restrained the trustees and treasurer of the police pension fund from paying to Enright any pension whatever. This judgment must be modified by allowing to the ex-Commissioner a pension of $3,750, and enjoining only the payment of any sum in excess of that amount. As both sides have been partially successful in this court, no costs will be allowed.

The judgment of the Appellate Division and that of the Special Term should be modified in accordance with this opinion, and as modified affirmed, without costs in any court.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG and HUBBS, JJ., concur; O'BRIEN, J., not sitting.

Judgment accordingly.