In the Matter of THOMAS J. HARTNETT et al., Respondents, v. ROBERT O. LOWERY, as Fire Commissioner of the City of New York, et al., Appellants.

First Department, June 27, 1974.

*Edmund B. Hennefeld* of counsel (*Milton H. Harris* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for appellants.

*Spiros A. Tsimbinos* of counsel (*Murphy, Sadowski & Koehler,* attorneys), for respondents.

*Per Curiam.* The petitioners were staff officers of the New York City Fire Department and they both retired from active duty in the early months of 1971.

As a result of orders entered in Supreme Court, New York County, lump-sum parity payments were made to members of the Police, Fire, Corrections and Sanitation Services who were subject to collective bargaining.

In order to maintain an equitable relationship between those in the administrative branches of the affected services who were not subject to collective bargaining, it was suggested that they, too, receive lump-sum equitable benefits.

This suggestion by the Director of the Budget in conjunction with the Acting Personnel Director resulted in an executive

order of the Mayor dated April 3, 1972, which directed such lump-sum payments.

However, the prerequisites to eligibility included:

1. That employees were incumbents in the affected positions between October 1, 1968 and December 31, 1970;

2. That the employees were incumbents on the date the executive order was issued; and

3. That the payments made not be deemed as salary for purposes of computing retirement allowances.

Petitioners were incumbents between October, 1968 and December, 1970 but were not incumbents as of the date of the executive order, having retired in 1971.

The respondents refused to grant back pay to petitioners since they did not come within the terms of the Mayor's executive order. Special Term directed that petitioners be given the lump-sum payments and further directed that they be included in determination of petitioners' pensions.

We disagree with the determination of Special Term. The executive order as promulgated was a legal order (New York City Charter, §§ 122, 123) and should be sustained.

It is beyond cavil that a person who retires from active service is no longer considered an employee. This is recognized by statute (Administrative Code of City of New York, §§ 487a–19.0; B19–7.35, subd. 4), as well as by judicial interpretation (*Matter of Pierne* v. *Valentine*, 291 N. Y. 333, 340–341; *People ex rel. Waddy* v. *Partrdige*, 172 N. Y. 305, 308; cf. *Schieffelin* v. *Warren*, 250 N. Y. 396, 403). Furthermore, retirement from office is a *sine qua non* for the granting of a pension (*Schieffelin* v. *Enright*, 200 App. Div. 312, 314).

It is to be noted that the statutory structure describing retirement allowances for firemen (Administrative Code, § B19–1.0 *et seq.*) provides for computations of pensions based on percentages of "final compensation" received by the prospective retiree (Administrative Code, § B19–7.43). "Final compensation" is defined as "annual compensation earnable by a member of city service upon the date of his retirement" (Administrative Code, § B19–7.54, subd. 6).

In the case at bar, petitioners concededly retired from office and their pensions were computed based on their "final compensation."

The establishment of the pension fund included retaining an actuary whose duties encompassed determination of the structure of the fund and the adequacy of the pension deductions (Administrative Code, § B19–7.61). The computations of the

actuary, albeit authorized to be revised from time to time, rely on constant and consistent contributions to the fund by employee members.

To allow the present petitioners to have their pensions recomputed based on a retroactive pay increase would be contrary to the concept that a retiree is no longer an employee and would wreak havoc with the orderly administration and financial soundness of the pension system (cf. *Casale* v. *Pension Comm.*, 78 N. J. Super. 38; *Board of Trustees* v. *La Tronica*, 81 N. J. Super. 461).

Furthermore, since petitioners were retired and no longer "employees," they would also not be entitled to retroactive salary increases, and in any event it would be neither illegal nor unconscionable to exclude such retroactive lump-sum payment from the computation of retirement benefits (cf. *Matter of Carroll* v. *Grumet*, 281 App. Div. 35).

In sum, the executive order of the Mayor was legally valid and should be upheld.

Accordingly, the judgment of the Supreme Court, New York County, entered July 11, 1973, directing that the respondent City of New York pay petitioners certain lump-sum back wages and include those wages in the computation of their pension benefits, should be reversed on the law and the determination of the respondent reinstated without costs or disbursements.

MURPHY, J. (dissenting). I disagree and would affirm for the cogent reasons set forth by the learned Justice at Special Term. Petitioners were concededly incumbents in the affected positions between October 1, 1968 and December 31, 1970, and their exclusion from back parity wages for such period constitutes an improper denial of equal pay for equal work. (Cf. *Matter of Mize* v. *State Div. of Human Rights*, 33 N Y 2d 53.)

MARKEWICH, J. P., LUPIANO, STEUER and LANE, JJ., concur in *Per Curiam* opinion; MURPHY, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on July 11, 1973, reversed, on the law, without costs and without disbursements, and vacated, petitioners' application denied and the petition dismissed, and the determination of the respondent City of New York reinstated.